UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JIE YIN,

               Plaintiff,

    v.

VICTOR ALVARADO,

               Defendant.

**DECISION AND ORDER**

1:11-CV-00780 EAW

## INTRODUCTION

Plaintiff commenced this action on September 16, 2011. A jury trial is scheduled to commence on September 26, 2016. Defendant Victor Alvarado moves *in limine* to preclude "any medical evidence through testimony or documents as to [Plaintiff's] claimed physical and/or emotional injuries/damages since she has failed to comply with even the most basic disclosure requirements." (Dkt. 89 at 6). Defendant's motion is based on Plaintiff's failure to "identify any experts" and "provide any written reports" as required under Fed. R. Civ. P. 26(a)(2)(B) or Fed. R. Civ. P. 26(a)(2)(C). (Dkt. 89 at 5).

More specifically, Defendant seeks to preclude Plaintiff from presenting Alison Schweichler, a counselor at Jewish Family Services in Buffalo who has treated Plaintiff, and Julian L. Ambrus, Jr., M.D., a rheumatologist and one of Plaintiff's treating physicians, from testifying at trial, as these individuals have never been identified as part of Plaintiff's Rule 26 disclosures or in response to Defendant's interrogatories. Rather, the first time they were identified by Plaintiff as witnesses was on September 1, 2016,

when Plaintiff filed her pretrial submissions. (Dkt. 82 at 3). Plaintiff does not contest that she has failed to comply with her Rule 26 obligations, instead arguing that the information was discernable from her medical records and deposition testimony and that Defendant never made a motion to compel the information.

Plaintiff's omission is neither substantially justified nor harmless, nor do a balance of the equities favor Plaintiff. As such, Defendant's motion is granted to the extent it seeks to preclude the testimony of Ms. Schweichler and Dr. Ambrus. A separate text order will be entered addressing the remaining portions of Defendant's motion in limine.

## DISCUSSION

### I.   Legal Standard

Under Fed. R. Civ. P. 26(a), parties are required to, without awaiting a discovery request, provide the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). This is known as an initial disclosure.

As to expert witnesses, Rule 26 requires further information to be provided with respect to their anticipated testimony. Fed. R. Civ. P. 26(a)(2). However, treating physicians are not required to prepare the full report required of expert witnesses by Fed. R. Civ. P. 26(a)(2)(B) because, under the plain language of the Rule, they are not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B); see D'Attore v. Salmon, 572 Fed. App'x 17, *18 n.1 (2d Cir. 2014). The

Advisory Committee notes specifically carve out treating physicians as an example of "[a] witness who is not required to provide a report under Rule 26(a)(2)(B)," but who "may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Thus, Plaintiff's disclosure obligations concerning Ms. Schweichler and Dr. Ambrus fell under Fed. R. Civ. P. 26(a)(2)(C), which requires, in addition to their identification, a statement of: "1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and 2) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

When no such disclosure is furnished under either Rule 26(a)(1) or 26(a)(2), as here, Fed. R. Civ. P. 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Despite the seemingly mandatory language of Rule 37, "if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions," even if the district court has found no substantial justification or harmlessness. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006).

Courts in the Second Circuit apply a four-factor balancing test to determine whether preclusion of evidence or witnesses is an appropriate sanction: 1) the party's explanation for failing to comply; 2) the importance of the evidence precluded; 3) the prejudice suffered by the opposing party; and 4) the possibility of a continuance. *See*

*Bausch & Lomb Inc., v. Vitamin Health, Inc.*, No. 13-CV-6498, 2016 WL 554848, at *1 (W.D.N.Y. Feb. 10, 2016) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988)); *see also Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

## II.   Preclusion is Warranted

Plaintiff has not complied with the disclosure requirements of Rule 26(a)(1)(A). Plaintiff never disclosed her witnesses to Defendant during discovery and does not contest as much. (Dkt. 92 at 3). Though Plaintiff represents that her initial disclosures were served upon Defendant on December 20, 2012 (Dkt. 92 at 2), and further supplemented in November 2015, she acknowledges that she did not disclose the two witnesses whom she would like to have testify: Alison Schweichler, a treating counselor, and Julian L. Ambrus, Jr., M.D., one of her treating physicians. Apart from failing to comply with the initial disclosure requirements, she also failed to comply with Rule 26(a)(2)(C)'s requirements.

Plaintiff argues that, despite not formally following the requirements of Fed. R. Civ. P. 26(a)(2)(C), Defendant was aware of her treating professionals and their diagnoses of Plaintiff's injuries, causation, and prognosis through her medical records and Plaintiff's deposition testimony concerning her alleged medical and psychological damages. (Dkt. 92 at 3-4).

As to the sufficiency of medical records as a disclosure in a rule 26(a)(1)(A) and 26(a)(2)(C) context, United States District Judge Skretny laid out the rule well in *Coleman v. City of Niagara Falls*, No. 09-CV-157S, 2015 WL 4208602 (W.D.N.Y. July

10, 2015). Judge Skretny found that the plaintiff there, who argued her witnesses' identities were obtainable through deposition testimony, interrogatories, and requests for documents and authorizations, had neither fulfilled her obligations under Fed. R. Civ. P. 26(a)(1) nor Fed. R. Civ. P. 26(a)(2): "The rules obligate Plaintiff to disclose her witnesses to Defendants. The fact that Defendants may have had notice of Plaintiff's witnesses through other avenues does not relieve Plaintiff of her disclosure obligations." *Id.* at *2. Judge Skretny described the purpose behind a party's initial disclosure obligation as follows:

> This requirement [of initial disclosure] is designed to alert an opposing party of the need to take discovery of the named individuals. *See Pal v. New York Univ.*, No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citing *Alfano v. Nat'l Geographic Channel*, No. 06 Civ. 3511(NG)(JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007)). For that reason, it is generally not enough for a party to rely on other avenues through which an opposing party may learn of the existence of a witness; the disclosing party's obligation is fulfilled only when it affirmatively identifies and discloses its potential witnesses. *See id.; see also U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co.*, Nos. 12 Civ. 6811(CM), 13 Civ. 1580(CM), 2015 WL 3932791, at *9 (S.D.N.Y. June 22, 2015) ("Fact witnesses must be disclosed by sending to the opposing party the name, address, and phone number (if known) of *each potential witness*.") (citations omitted) (emphasis added).

*Id.* at 1.

Accordingly, the Court must determine whether Plaintiff's failure to supply the required information about her medical witnesses was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has offered no explanation as to why she did not supply this evidence. Thus, the Court cannot find substantial justification. Similarly, the Court cannot find that the omission was harmless. Plaintiff has disclosed two witnesses on the

eve of trial and Defendant had no opportunity to conduct discovery concerning these witnesses. Plaintiff produced HIPAA authorizations for approximately fifteen healthcare providers and the parties represent that the medical records consisted of over 1,000 pages and extended back to 2002—six years before the incident at issue. (Dkt. 95 at 3). Defendant should not have to guess as to which of these medical providers, if any, would be witnesses—that is the purpose of Rule 26. While Plaintiff attempts to argue that Defendant's stated intention of using portions of the medical records to cross examine Plaintiff depending on the content of her direct examination proves that Defendant would not be harmed, as such an intent evinces familiarity with her records, (Dkt. 92 at 4), the Court finds that familiarity with her records is no substitute for the opportunity to engage in appropriate discovery pertaining to Plaintiff's witnesses.

Despite finding Plaintiff's omission neither substantially justified nor harmless, the Court must consider the four-factor balancing test before precluding the evidence. *Bausch & Lomb*, 2016 WL 554848, at *1. The first factor requires the Court to consider the party's explanation for failing to comply. Here, none has been provided, and Plaintiff's counsel has conceded that there is no excuse. Accordingly, this factor weighs in favor of preclusion. *See Design Strategy*, 469 F.3d at 297 (finding that the explanation factor weighed heavily in favor of preclusion where the omitting party did not explain the omission from the initial disclosures); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 75 (E.D.N.Y. 2012) (same). Next, the Court must consider the importance of the evidence. The evidence here is quite important to Plaintiff's case—as Plaintiff rightly points out, Plaintiff may have more difficulty providing the corroborating evidence necessary to

establish emotional damages without the two witnesses at issue. This factor weighs against preclusion. The next factor the Court must consider is the prejudice suffered by the opposing party. Defendant's prejudice has been discussed in the context of why Plaintiff's omission was not harmless. This factor accordingly cuts in favor of preclusion. Finally, the Court must look to the possibility of a continuance. At this late stage in the litigation—less than two weeks before trial—granting a continuance would prejudice Defendant because it would waste the resources, time, and effort he spent in preparing for the instant trial.[1]  *See Zeigenfus v. John Veriha Trucking*, No. 10 Civ. 5946(RJS), 2012 WL 1075841, at *8 (S.D.N.Y. Mar. 28, 2012). This case has been pending since September 16, 2011. The Court set an initial trial date over a year ago. Fact discovery has been closed for at least eight months. All of these facts weigh against a continuance and this factor also cuts in favor of preclusion.

In *Zeigenfus*, the plaintiff had not disclosed two doctors, whose affidavits the pending motion for summary judgment turned on, as expert witnesses and had not provided the defendants with the expert disclosure required under Rule 26(a). *Id.* at *6. Though Plaintiff disclosed one of the doctor's names in an interrogatory and produced a letter with his initial observations, the Court found that the plaintiff had not satisfied her obligations under Rule 26(a) or "put [d]efendants on notice that [the doctor] might offer

---

[1]     The Eighth Circuit's version of this four-factor balancing test includes a consideration of "the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). While the consideration of that factor is not binding on this Court, it is worth noting that granting a continuance would greatly disrupt the efficiency and order of the impending trial.

*expert* testimony on a motion or at trial." *Id.* at *7 (emphasis in original).  Despite acknowledging the great importance of the affidavits to the plaintiff's case, the Court found that the balance of the factors weighed in favor of excluding the evidence where the plaintiff had offered a weak explanation for not disclosing and had made no effort to reopen discovery to disclose her experts until oral argument on the motion at bar, thereby significantly prejudicing the defendants. *Id.* at *6-7.

While Plaintiff cites to *Coleman* for the proposition that her evidence should be allowed despite her noncompliance with Rule 26(a), the Court notes a number of distinguishing factors between that case and this case.  First, the plaintiff there had filed her witness list seven months prior in anticipation of an earlier, adjourned trial, giving the defendants definitive and advanced notice of the witnesses the plaintiff intended to call. *Coleman*, 2015 WL 4208602, at *2.  The defendants' previous knowledge combined with the importance of the evidence led the Court to allow the evidence to come in. *Id.*  Here, Defendants were put on notice less than a month before trial is scheduled to begin.  Second, the court in *Coleman* permitted the defendants to conduct the additional depositions that they had noticed. *Id.*  As discussed above, it is too late for that remedy to be practicable here.

Finally, Plaintiff argues that Defendant never moved to compel, thereby improperly shifting the burden onto Defendant.  "Rule 26(a) of the Federal Rules of Civil Procedure places an affirmative obligation on each party to provide the other party with the name, address, and telephone number of 'each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may

use to support its claims or defenses.'" *LaVigna v. State Farm Mut. Auto. Ins. Co.*, 736 F. Supp. 2d 504, 510 (N.D.N.Y. 2010).  It was Plaintiff's affirmative duty to disclose her witnesses to Defendant, not Defendant's affirmative duty to compel Plaintiff to disclose.

The Court is cognizant of the Second Circuit's counsel that district courts should consider "lesser sanctions prior to precluding evidence as a sanction for discovery violations." *Coene v. 3M Co.,* 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (citing *Outley v. City of New York,* 837 F.2d 587, 591 (2d Cir.1988)). However, given the late stage of this litigation, on the eve of trial with no credible explanation for the failure to timely disclose Ms. Schweichler and Dr. Ambrus and the inherent prejudice that Defendant would suffer if either was allowed to testify, the Court concludes that no sanction other than preclusion is appropriate. As a result, Plaintiff is precluded from offering Ms. Schweichler's and Dr. Ambrus's testimony at trial in accordance with Fed. R. Civ. P. 37(c)(1).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to establish that evidence related to her undisclosed witnesses should be admitted.  Accordingly, Defendant's motion in limine (Dkt. 86) is granted in part.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: September 20, 2016
       Rochester, New York