UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIE YIN,

                Plaintiff,                **DECISION AND ORDER**

     v.                                  1:11-CV-00780 EAW

VICTOR ALVARADO,

                Defendant.

---

## INTRODUCTION

Jie Yin ("Plaintiff") filed claims against the Niagara Frontier Transportation Authority ("NFTA") and NFTA Police Officer Victor Alvarado ("Alvarado") (collectively, "Defendants") (Dkt. 7; Dkt. 73), alleging that she had suffered a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983 (Dkt. 6).[1] The Court granted Plaintiff leave to proceed *in forma pauperis* on September 16, 2011. (Dkt. 4).

Although Plaintiff commenced the lawsuit *pro se*, she was subsequently represented by counsel, but the Court granted that counsel's motion to withdraw. (Dkt. 41). On October 22, 2015, the Court appointed *pro bono* counsel to represent Plaintiff. (Dkt. 47).

Defendants moved for summary judgment on February 1, 2016. (Dkt. 53). On May 19, 2016, the Court granted summary judgment in favor of NFTA, finding that

---

[1] The Court ultimately construed Plaintiff's Second Amended Complaint and Third (Additional) Amended Complaint as Plaintiff's operative pleadings in this case. (Dkt. 8 at 2).

- 1 -

Plaintiff had failed to raise a genuine issue of material fact to support her allegations that NFTA "maintain[ed] an unlawful policy of permitting its employee officers to engage in excessive uses of force without repercussion. . . ." (Dkt. 72 at 2). However, the Court denied summary judgment with respect to Alvarado because "there [were] disputed issues of material fact with respect to Plaintiff's excessive use of force and unlawful seizure/detention claims. . . ." (*Id.* at 1).

The remaining claims against Alvarado proceeded to a jury trial commencing on September 26, 2016, and on September 29, 2016, a verdict was returned in favor of Alvarado. (Dkt. 105). Judgment was entered in favor of Alvarado on October 31, 2016, (Dkt. 106), and on November 1, 2016, Plaintiff filed a notice of appeal. (Dkt. 107). At that same time, Plaintiff's counsel was terminated as her attorney, and Plaintiff has returned to her *pro se* status.

Presently before the Court is Plaintiff's May 11, 2017, motion seeking free copies of the trial transcript pursuant to 28 U.S.C. § 753(f). (Dkt. 111). Plaintiff makes the following argument in support of her motion:

> [P]laintiff is proceeding *pro se*. Because of questions of the [sic] fact and law raised at trial, and confusion of the jury, . . . [P]laintiff believes . . . there is reasonable cause the jury reached a wrong verdict. . . . [P]laintiff is disable[d] . . . [and her] only income is SSI.

(*Id.* at 3).

Counsel for Alvarado filed an attorney affirmation in opposition to Plaintiff's motion, arguing that "Plaintiff does not articulate with any detail at all 'substantial questions' to be raised on appeal or that her appeal is not frivolous." (Dkt. 113 at 4).

Counsel also contends that Plaintiff's assertion of juror confusion is made "without basis or elaboration." (*Id.*). For the reasons set forth below, Plaintiff's motion is denied.

## DISCUSSION

The relevant statutory provision upon which Plaintiff bases her motion provides as follows:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. . . . Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)*.

28 U.S.C. § 753(f) (emphasis added). "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (quotations and citation omitted). Vague assertions of error are insufficient to raise a substantial question that would warrant provisioning the trial transcript at no cost. *See, e.g., Moore v. Gardner*, 201 F. App'x 803, 804 (2d Cir. 2006) ("[Plaintiff]'s conclusory allegations of prejudice are not sufficient to establish that there are any substantial questions raised by this appeal."); *Liner v. Wright*, 463 F. Supp. 2d 365, 366 (W.D.N.Y. 2006) ("Other requests are vague and do not raise a substantial issue on appeal. For example, [the application] suggests, without elaboration that the 'prejudicial affects' during the trial warrant preparation of the entire transcript."); *see*

*also Simcoe v. Gray*, No. 10 Civ 6531 (FPG), 2015 WL 4138876, at *1 (W.D.N.Y. July 8, 2015) ("Proposed issues 6 and 7 are overly general and vague and do not provide the Court with any detail regarding these contentions. However, having presided over the trial, I easily conclude that these proposed issues are meritless.").

Here, Plaintiff has provided a mere cursory request for receipt of the full trial transcript at no cost. Plaintiff's general contention that she should be afforded the transcript due to "questions of the fact and law raised at trial" fails to establish that her appeal is "not frivolous." 28 U.S.C. § 753(f). In addition, Plaintiff's vague and unsupported claim that some unspecified "confusion of the jury" warrants her free receipt of the entire trial transcript simply does not present a "substantial question" for appeal. *See e.g., Moore*, 201 F. App'x at 804; *Liner*, 463 F. Supp. 2d at 366. Furthermore, having presided over the trial, the Court finds this bald assertion meritless. *Simcoe*, 2015 WL 4138876, at *1. Indeed, in the Court's estimation, the outcome of this case depended ultimately upon the jury's credibility assessments of the witnesses, and the jury verdict was amply supported by the evidence in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for free transcripts (Dkt. 111) is denied, and the Court declines to certify that the appeal raises a substantial question.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 26, 2017
Rochester, New York