UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JIE YIN,

                    Plaintiff,                          **DECISION AND ORDER**

          v.

VICTOR ALVARADO,                                        1:11-CV-00780 EAW

                    Defendant.


## INTRODUCTION

Jie Yin ("Plaintiff") filed claims against the Niagara Frontier Transportation Authority ("NFTA") and NFTA Police Officer Victor Alvarado ("Alvarado") (collectively, "Defendants") (Dkt. 7; Dkt. 73), alleging that she had suffered a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983 (Dkt. 6).[1] The Court granted Plaintiff leave to proceed *in forma pauperis* on September 16, 2011. (Dkt. 4).

Although Plaintiff commenced the lawsuit *pro se*, she was subsequently represented by counsel, but the Court granted that counsel's motion to withdraw. (Dkt. 41). On October 22, 2015, the Court appointed *pro bono* counsel to represent Plaintiff. (Dkt. 47).

Defendants moved for summary judgment on February 1, 2016. (Dkt. 53). On May 19, 2016, the Court granted summary judgment in favor of NFTA, finding that

---

[1]   The Court ultimately construed Plaintiff's Second Amended Complaint and Third (Additional) Amended Complaint as Plaintiff's operative pleadings in this case. (Dkt. 8 at 2).

- 1 -

Plaintiff had failed to raise a genuine issue of material fact to support her allegations that NFTA "maintain[ed] an unlawful policy of permitting its employee officers to engage in excessive uses of force without repercussion. . . ." (Dkt. 72 at 2). However, the Court denied summary judgment with respect to Alvarado because "there [were] disputed issues of material fact with respect to Plaintiff's excessive use of force and unlawful seizure/detention claims. . . ." (*Id.* at 1).

The remaining claims against Alvarado proceeded to a jury trial commencing on September 26, 2016, and on September 29, 2016, a verdict was returned in favor of Alvarado. (Dkt. 105). Judgment was entered in favor of Alvarado on October 31, 2016, (Dkt. 106), and on November 1, 2016, Plaintiff filed a notice of appeal. (Dkt. 107). At that same time, Plaintiff's counsel was terminated as her attorney, and Plaintiff has returned to her *pro se* status.

On May 11, 2017, Plaintiff filed a motion for free transcripts. (Dkt. 111). Plaintiff's motion was comprised of bare assertions and speculation relating to some unspecified "confusion of the jury." (*Id.* at 3). On June 27, 2017, the Court entered a Decision and Order denying Plaintiff's motion for free transcripts. (Dkt. 114).

Presently before the Court is Plaintiff's motion for reconsideration of the Court's denial of her motion for free transcripts, which was filed on August 8, 2017. (Dkt. 115). In Plaintiff's motion, she argues that the trial transcripts are necessary for her to demonstrate that the jurors impermissibly considered the fact that she did not bring her action until almost three years after the alleged occurrence of the underlying incident. (*Id.* at 2-3). Plaintiff alleges that there are "three occasions in total" appearing within the

transcripts that indicate that the jury improperly considered this "delay" in coming to its verdict. (*Id.* at 2). Specifically, Plaintiff notes one instance during trial where one of the jurors had asked, "Why is the trial happening in 2016 when the events happened in 2008?" (*Id.*). Plaintiff also points to Alvarado's counsel's response to the juror's question, in which she indicated that she had "never heard [that] the Plaintiff was hurt by [a] NFTA police officer before the case was filed." (*Id.*). This statement was also allegedly repeated during counsel's summation. (*Id.*). Finally, Plaintiff further notes that this Court instructed the jury not to consider the fact that Plaintiff took almost three years to file this action. (*Id.*).

Counsel for Alvarado filed an attorney affirmation in opposition to Plaintiff's motion, arguing that Plaintiff's allegation that the jury improperly considered a "delay" in the commencement of this lawsuit is speculative and fails to satisfy any of the legal criteria required to grant a motion for reconsideration. (Dkt. 117 at 3-6). For the reasons set forth below, Plaintiff's motion is denied.

## DISCUSSION

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *Lopez v. Goodman*, No. 10-CV-6413, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489

U.S. 169, 174 (1989)). Because Plaintiff is requesting the reconsideration of an order, the Court construes the motion for reconsideration as a motion pursuant to Rule 60(b).

As noted by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11–CV–211–A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, Plaintiff seeks reconsideration of the Court's prior Decision and Order denying her motion for free transcripts. (Dkt. 115; *see* Dkt. 114). However, *none* of Plaintiff's "occasions" of supposed juror misdirection amount to anything other than

speculation. Plaintiff fails to point to *any* "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257; *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 250 (E.D.N.Y.) ("Because Plaintiffs have not shown (1) that the Court overlooked critical facts or (2) that the Court overlooked any relevant controlling decisions, there is no basis for the Court to reconsider the dismissal of Plaintiffs' federal law claim for failure to state a claim."), *aff'd*, 663 F. App'x 71 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1826 (2017). Plaintiff cites to *no* case law, and Plaintiff's "new" conclusory assertions that the jury improperly considered her "delay" in bringing this action do not amount to "new evidence." *See Simpson v. City of New York*, No. 12 CIV. 6577 KBF, 2014 WL 595759, at *2 (S.D.N.Y. Feb. 10, 2014) (rejecting the plaintiff's "narrative" as "speculative" and denying the motion for reconsideration); *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 344 (S.D.N.Y. 2002) (denying motion for reconsideration where "in her [prior] opposition papers and in her motion for reconsideration, [the movant] merely rested on her inferential leaps and speculative assertions"); *see also Kulkarni v. City Univ. Of N.Y.*, No. 01 CIV.10628 DLC, 2002 WL 1969676, at *1 (S.D.N.Y. Aug. 23, 2002) (denying motion for reconsideration where it "consists largely of a restatement of [the movant's] earlier conclusory assertions").

At its core, Plaintiff's motion simply recasts her original argument that she is entitled to free trial transcripts due to some speculative "confusion of the jury." *Jie Yin v. Alvarado*, No. 1:11-CV-00780 EAW, 2017 WL 2779745, at *2 (W.D.N.Y. June 27, 2017). "A motion for reconsideration is not . . . a mechanism for repeatedly raising the same issues." *Armatas v. Maroulleti*, No. 08-CV-0310 (SJF) (RER), 2016 WL 3460367,

at *3 (E.D.N.Y. June 21, 2016), *aff'd in part, dismissed in part*, 690 F. App'x 731 (2d Cir. 2017); *Heriveaux v. Fed. Gov't*, No. 14-CV-7105 ENV, 2015 WL 866999, at *1 (E.D.N.Y. Feb. 27, 2015) ("It is 'well-settled' that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))). This Court has already rejected Plaintiff's bare assertions of juror confusion as meritless (Dkt. 114), and Plaintiff has not set forth case law, new evidence, or any demonstration of "clear error" or a "manifest injustice" that warrants reconsideration of this prior ruling.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quotations and citation omitted). Plaintiff's assertion that the jurors considered improper facts or were confused or otherwise misdirected in reaching their verdict is conclusory and sorely insufficient for this Court to grant the extraordinary remedy Plaintiff requests. Furthermore, as stated by the Court in its prior Decision and Order, "having presided over the trial, the Court finds this bald assertion [of juror misconduct to be] meritless. Indeed, in the Court's estimation, the outcome of this case depended ultimately upon the jury's credibility assessments of the witnesses, and the jury verdict was amply supported by the evidence in this case." *Jie Yin*, 2017 WL 2779745, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 115) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     October 4, 2017
              Rochester, New York